OPINION
Appellant James W. Shumar, Jr., appeals a judgment of the Canton Municipal Court convicting him of driving under the influence of alcohol (R.C. 4511.19(A)(1)), and driving outside marked lanes (R.C. 4511.33):
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 AS THE LEGISLATURE HAS DEEMED PORTABLE BREATH TESTING INSTRUMENTS INHERENTLY UNRELIABLE, ADMISSION OF MR. SHUMAR'S STATEMENTS MADE IN RESPONSE TO THE REQUEST THAT HE SUBMIT TO SUCH A TEST DENIED MR. SHUMAR A FAIR TRIAL AND DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
ASSIGNMENT OF ERROR NO. 2
 ADMISSION INTO EVIDENCE OF A HORIZONTAL GAZE NYSTAGMUS TEST THAT WAS NOT CONDUCTED IN ACCORDANCE WITH THE STANDARDS PROMULGATE BY THE NATIONAL HIGHWAY TRAFFIC AND SAFETY ADMINISTRATION DENIED MR. SHUMAR DUE PROCESS OF LAW AND A FAIR TRIAL IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
ASSIGNMENT OF ERROR NO. 3
 THE MISCONDUCT OF THE PROSECUTOR IN REFERRING TO MR. SHUMAR'S PREVIOUS OMVI CONVICTIONS WAS NOT HARMLESS ERROR AND SO INFECTED THE TRIAL WITH UNFAIRNESS AS TO MAKE THE APPELLANT'S CONVICTION A DENIAL OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
On January 16, 1999, at 4:06 a.m., Trooper Douglas Trotter of the Ohio State Highway Patrol was on routine patrol on McKinley Avenue in Canton. The trooper observed a blue 1979 Chevy stopped at an intersection. The vehicle made a right-hand turn on red without a signal. The trooper positioned his vehicle behind the blue Chevy, which was driven by appellant, and remained three to four car lengths behind. The trooper observed appellant swerve from the curb lane into the next three times, veering approximately three feet each time. The trooper initiated a traffic stop. Upon approaching the vehicle, the trooper noticed a strong odor of an alcoholic beverage. Appellant's eyes were glassy and bloodshot. The trooper performed the Horizontal Gaze Nystagmus test on appellant, who displayed all six clues of intoxication. The trooper asked appellant to take the portable breath test, at which time appellant, said, "I know I'm gonna blow over." Due to snow and ice accumulation on the road, the trooper did not attempt to perform any field sobriety test requiring walking or balancing. Appellant was placed under arrest for driving while intoxicated, driving outside marked lanes, and failure to wear a seat belt. Appellant was then Mirandized, and asked if he had consumed any alcohol. He admitted that he had three beers and a shot of a drink called a "buttery nipple". Appellant refused a breath test at the police station. The case proceeded to trial in the Canton Municipal Court. Following a jury verdict of guilty, appellant was convicted of driving under the influence of alcohol. He was sentenced to 180 days in jail, with 165 days suspended. His license was suspended for one year, he was fined $300 plus court costs, and he was required to perform 50 hours of community service. The court found appellant guilty on the charge of driving outside of marked lanes, and fined him $10. Appellant was found not guilty of failure to wear a seat belt.
 I
Appellant argues that because portable breath tests results are inadmissible in Ohio courts, appellant's statement in response to the officer's request to take the portable breath test should not have been admitted into evidence. When asked to take the test, appellant, stated, "I know I am gonna blow over." Tr. 29. Appellant attempts to analogize the instant case to refusal to take a lie detector test. Appellant cites to several cases which have held that evidence of the refusal or the willingness of a defendant to take a lie detector test is inadmissible. E.g. State v. Jackson (1991), 57 Ohio St.3d 29, 37. We do not believe the instant case is analogous to the refusal to take a lie detector test. While the result of the portable breath test would have been inadmissible under the current state of Ohio law, and appellant's refusal to take such tests would accordingly be inadmissible, appellant's statement in the instant case goes past a mere refusal to take the test. Appellant made an affirmative statement that he could not pass a breath test. Evid.R. 801 (D), provides that an admission by a party opponent, which is his own statement and offered against him, is not hearsay, and is admissible. Appellant's statement that he knew he would blow over the legal limit implies that at the time of the stop, he felt he was driving while intoxicated. Appellant's statement as to his belief concerning the amount of alcohol in his system is an admission against interest, and was admissible. The first assignment of error is overruled.
 II
Appellant argues that the court erred in admitting the results of the Horizontal Gaze Nystagmus (HGN) test. The trooper testified that he held a pen 10 to 12 inches from appellant's face when conducting the HGN test. Guidelines for the proper administration of the test provide that the pen should be held 12 to 15 inches away from the center of the defendant's face. Appellant argues that failure to comply with these guidelines renders the results of the test inadmissible. Results of an HGN test are admissible so long as proper foundation has been laid as to the officer's training and ability to administer the test, and as to the actual technique used by the officer in administering the test. State v. Breson (1990), 51 Ohio St.3d 123, 128. The HGN test cannot be compared to other scientific tests, such as a polygraph examination, because no special equipment is required in its administration. Id. at 129. That is the only requirement prior to admission is the officer's knowledge of the test, his training, and his ability to interpret his observation. Id. The admission of the results of the HGN test is no different from any other field sobriety test, such as finger to nose, walk and turn, or one leg stand. Id. In the instant case, the trooper explained the training he received, that he was able to interpret the results of the particular test, and the actual technique which he used. This was all the officer was required to testify to in order to lay a proper foundation for the admission of the HGN test. The actual technique used need not comport to the letter with the regulated standards. Appellant's argument goes to the weight of the evidence rather than its admissibility. The difference in inches between the standard used by the trooper, 10 to 12 inches, and the regulation standard, 12 to 15 inches, includes an overlap at 12 inches. Counsel for appellant was able to cross examine the officer concerning the effect of holding the pen at the incorrect standard on the results of the test. The second assignment of error is overruled.
 III
Appellant argues that the prosecutor permitted misconduct during the trial, as he commented on evidence of appellant's prior conviction despite the court's ruling prior to trial that such evidence would not be admissible. The test for prosecutorial misconduct is whether the prosecutor's action were improper, and if so, whether they prejudicially affected a substantial right of the accused. State v. Lott (1990), 51 Ohio St.3d 160, 165. Appellant first cites to pages 42 through 44 of the transcript, arguing that at this point in the transcript, the prosecutor improperly commented on appellant's prior convictions. Counsel for appellant asked a witness, Jason Cunningham, whether appellant ever sat and drank after his shift was over, and ended up in a condition where he shouldn't drive. The witness responded that appellant had not done so while the witness was working. At this point, the prosecutor requested a side-bar conference. During this side-bar conference, the prosecutor raised the issue as to whether he could question this witness concerning his knowledge that appellant had been arrested for driving under the influence in the past. The court informed the prosecutor that he could not inquire. However, this entire conversation took place in side bar, not in front of the jury. Therefore, appellant has not demonstrated prosecutorial misconduct. Later in the trial, counsel for appellant asked Sandy Bricker, a witness on appellant's behalf, if she would be surprised that a sealed six pack was found in appellant's car. She stated, "That wouldn't surprise me, as appellant would not drink and drive." Tr. 60. On cross examination, the prosecutor asked her, "Would it surprise you if you found out defendant had been convicted of drunk driving . . . " At this point, the court interrupted, and conducted a side-bar conference on the issue. Counsel for appellant objected and moved for a mistrial on the basis that the prosecutor had revealed the fact that appellant had a prior conviction in spite of the court's prior instructions not to raise the issue. The court sustained the objection, and overruled the motion for a mistrial. Upon reconvening, the court immediately instructed the jury to disregard the prosecutor's last comment. Tr. 61. The court did not err in overruling the motion for mistrial on the basis of prosecutorial misconduct. Before the prosecutor finished his sentence, the court intervened. The court sustained an objection and gave a curative instruction to the jury immediately. Further, Evid.R. 404(A) (1) provides that evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same, is admissible. Appellant opened the door to character evidence by questioning witnesses concerning whether appellant would drink and drive. This line of questioning clearly delved into the issue of appellant's character, and whether he possessed a character trait that he would not consume alcohol to the point where he should not operate a motor vehicle. Appellant was attempting to demonstrate that it was not in his character to drink and drive, and on the night in question he acted in conformity with that character trait. Therefore, the State could properly ask whether the witness who had testified concerning this character trait was aware that appellant had in fact been convicted of drinking and driving in that past. Appellant filed a motion for a new trial, attaching an affidavit of one of the jurors, stating that it made a difference to the jury to know that appellant had been convicted of driving under the influence in the past. Appellant now argues that this affidavit supports his claim that he was prejudiced by the misconduct of the prosecutor. As we noted above, the prosecutor did not commit misconduct, as the question was proper concerning the issue of character raised by appellant. Further, appellant has not assigned error to the judgment overruling his motion for new trial. The third assignment of error is overruled.
The judgment of the Canton Municipal Court is affirmed.
By GWIN, P.J., HOFFMAN, J., and EDWARDS, J., concur.